# EXHIBIT B

Chancery Court of Delaware.
Ronald A. CHERWEK, individually and on behalf of all others similarly situated, Plaintiff,
v.
ASPECT MEDICAL SYSTEMS, INC., Jon C. Biro, Nassib G. Chamoun, J. Breckenridge Eagle, Edwin Kania, Jr., Melvin L. Keating, James J. Mahoney, Jr., John J. O'Connor, Vincent P. Scialli, Donald R. Stanski, United States Surgical Corporation, Transformer Delaware Corp., and Covidien PLC., Defendants.
No. 4989-VCS.
May 25, 2010.

Order and Final Judgment

WHEREAS, the Stipulation of Settlement, effective as of February 25, 2010 (the "Stipulation"), in the above-captioned action (the "Delaware Action"), and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement"), were presented at a settlement hearing held on May 25, 2010 (the "Settlement Hearing"), pursuant to the Scheduling Order entered herein on MARCH 9, 2010;

WHEREAS, the Stipulation was joined and consented to by all parties to the Delaware Action and (along with the defined terms therein) is incorporated herein by reference;

WHEREAS, pursuant to the Scheduling Order, this Court preliminarily certified the Class (as defined below);

WHEREAS, the Notice of Pendency of Class Action, Stipulation of Settlement, Settlement Hearing and Right to Appear (the "Notice") has been disseminated to the Class in accordance with the Notice Order; and

WHEREAS, the Court, having heard and considered the evidence in support of the proposed Settlement at the Settlement Hearing; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the former stockholders of Aspect Medical Systems, Inc. ("Aspect") and the Class was full, adequate and sufficient; and the entire matter of the Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 25th day of May, 2010, that:

I. Based on the record of the Delaware Action, each of the provisions of Rule 23(a) of the Rules of the Court of Chancery has been satisfied and the Delaware Action has been properly maintained according to the provisions of Rules 23(a), (b)(l) and (b)(2). Specifically, this Court finds that the Class satisfies the numerosity requirement of Rule 23(a)(1). As of April 2009, there were over 17.4 million shares of Aspect common stock ("Aspect Shares") issued and outstanding, held by more than 390 holders of record and far more beneficial owners. There are questions of law or fact common to the Class sufficient to satisfy Rule 23(a)(2), including whether the disclosures made by Transformer Delaware Corporation ("Purchaser") and United States Surgical Corporation ("Parent") in the Schedule TO filed by Purchaser and Parent on October 8, 2009, as amended (the "Schedule TO") were adequate, whether the disclosures made by Aspect in the Schedule 14D-9 filed by Aspect on October 8, 2009, as amended (the "Schedule 14D-9"), were adequate, whether the defendants named in the Delaware Action ("Defendants") breached their fiduciary duties to the Class Members (as defined in the Stipulation) in con-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

nection with Purchaser's tender offer for Aspect Shares (the "Tender Offer") and the subsequent merger involving Aspect, Purchaser and Parent (the "Merger" and, together with the Tender Offer, the "Proposed Transaction"), and whether the plaintiff in the Delaware Action and/or the Class Members were injured as a result of Defendants' actions. The claims of Roland A. Cherwek ("Plaintiff") are typical of the claims of the absent Class Members in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories, satisfying Rule 23(a)(3). Plaintiff and his counsel ("Plaintiff's Counsel") have fairly and adequately protected the interests of the Class, satisfying Rule 23(a)(4). The prosecution of separate actions by individual Class Members would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for Defendants and, as a practical matter, the disposition of the Delaware Action will influence the disposition of any pending or future identical cases brought by other Class Members, satisfying Rule 23(b)(1); and there were allegations that defendants acted or refused to act on grounds generally applicable to the Class, satisfying Rule 23(b)(2).

2. The Delaware Action is certified as a class action, pursuant to Rules 23(a), (b)(1) and (b)(2) of the Rules of the Court of Chancery, on behalf of a class consisting of any and all record and beneficial holders of Aspect Shares, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held any such Aspect Shares at any time between and including June 25, 2009 and November 6, 2009, the effective date of the Merger, but excluding the specifically named Defendants (the "Class").

3. Plaintiff is permanently certified as representative of the Class, and it is found that Plaintiff was adequately represented by Rigrodsky & Long, P.A. as lead counsel, and that Plaintiff fairly and adequately protected the interests of the Class.

4. The Notice was timely mailed to the Class, as provided for in the Scheduling Order, and as stated in the proof of mailing filed with the Court by Defendants. The form and manner of notice given to the Class is hereby determined to have been the best notice practicable under the circumstances, to have been given in full compliance with the requirements of due process, Rule 23 and applicable law, and to constitute full and adequate notice to the Class.

5. All Class Members are bound by the Order and Final Judgment entered herein, as full and adequate notice of the proceedings was given and as a full opportunity to be heard was provided to Class Members.

6. The Settlement and all transactions preparatory or incident thereto are found to be fair, reasonable, adequate and in the best interests of the Class, and the Settlement is hereby approved.

7. The parties to the Settlement are directed to comply with, and to consummate, the Settlement in accordance with its terms and provisions, and the Register in Chancery is directed to enter and docket this Order and Final Judgment.

8. This Order and Final Judgment hereby dismisses the Delaware Action with prejudice and fully, finally and forever releases all "Released Claims" against all "Released Parties."

9. "Released Parties" means, whether or not any of the following Persons were named, served with process or appeared in any of the Actions, (i) Aspect Medical Systems, Inc., Jon C. Biro, Nassib G. Chamoun, J. Brecken-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

ridge Eagle, Edwin M. Kania, Jr., Melvin L. Keating, James J. Mahoney, Jr., John J. O'Connor, Vincent P. Scialli, Donald R. Stanski, United States Surgical Corporation, Transformer Delaware Corporation, and Covidien plc, (ii) any person or entity which is, was or will be related to or affiliated with any or all of them or in which any or all of them has, had or will have a controlling interest, and (ii) the respective past, present or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, of each and all of the foregoing.

10. "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (defined below), that Plaintiff or any or all Class Members ever had, now have, or may have, or otherwise could, can or might assert, whether direct, derivative, individual, class, representative, legal, equitable or of any other type, or in any other capacity, against any of the Released Parties (defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including but not limited to any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of Aspect), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, the Delaware Action or the two lawsuits challenging various aspects of the Proposed Transaction in the Massachusetts Superior Court for Suffolk County, *Donnay v. Chamoun, et al.,* C.A. No. 09-4249-BLS (the "Donnay Action") and *Pfeiffer v. Chamoun, et al.,* C.A. No. 09-4377-BLS (the "Pfeiffer Action" and together with the Donnay Action and the Delaware Action, the "Actions") in any court, tribunal, forum or proceeding, including, without limitation, any and all claims which are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Proposed Transaction or the issuance of any securities in connection therewith, (ii) any deliberations or negotiations in connection with the Proposed Transaction, including the process of deliberation or negotiation by each of Purchaser, Parent and/or Aspect and any of their respective officers, directors or advisors, (iii) the consideration received by Class Members in connection with the Proposed Transaction, (iv) the Schedule TO, the Schedule 14D-9, or any other disclosures, SEC filings, public filings, periodic reports, press releases, proxy statements or other statements issued, made available or filed relating, directly or indirectly, to the Proposed Transaction, including without limitation claims under any and all federal securities laws (including those within the exclusive jurisdiction of the federal courts), (v) investments in (including, but not limited to, purchases, sales, exercises of rights with respect to and decisions to hold) securities issued by any of Purchaser, Parent and/or Aspect or their respective affiliates, (vi) the fiduciary obligations of the Released Parties in connection with the Proposed Transaction, (vii) the fees, expenses or costs incurred in prosecuting, defending, or settling the Actions, or (viii) any of the allegations in any complaint or amendment(s)

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

thereto filed in any of the Actions; provided, however, that the Released Claims shall not include (x) the right to enforce the Stipulation or (y) claims for statutory appraisal in connection with the Merger by Aspect stockholders who properly perfect such appraisal claims and do not otherwise waive their appraisal rights.

11. "Unknown Claims" means any claim that Plaintiff or any Class Member does not know or suspect exists in his, her or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement. With respect to any of the Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiff shall expressly and each Class Member shall be deemed to have, and by operation of the Judgment by the Court shall have, expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:
A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff has acknowledged, and the Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiff, and by operation of law the Class Members, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiff has acknowledged, and the Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Settlement.

12. Plaintiff and all Class Members and the respective heirs, executors, administrators, estates, predecessors in interest, predecessors, successors in interest, successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any of the Released Claims against any of the Released Parties.

13. This Order and Final Judgment hereby fully, finally and forever releases, relinquishes and discharges all claims that Defendants may have against Plaintiff, the Class Members and Plaintiffs Counsel arising out of or relating to the institution, prosecution, and resolution of the Delaware Action (the "Release of Plaintiff"); provided, however, that the Release of Plaintiff shall not include the right to enforce the confidentiality stipulation agreed upon by the Parties or the Settlement.

14. This Order and Final Judgment shall not constitute or be construed to be an admission of, or evidence of, the validity or lack of validity of the Released Claims, or of any wrongdoing or liability of any party, or deemed to be or used as an admission of, or evidence of any fault or omission of any party in any civil, criminal or administrative proceeding in any Court, administrative agency or other tribunal. The parties to this Settlement or any of them may file this Order and Final Judgment and/or the Settlement in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estop-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

pel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Plaintiffs counsel are hereby awarded fees and expenses in the amount of $ 218,254.61 in connection with the Delaware Action, which fees and expenses the Court finds to be fair and reasonable. Such sum shall be paid pursuant to the provisions of the Stipulation. No counsel representing any plaintiff in the Delaware Action shall make any further or additional application for fees and expenses to the Court or any other court.

16. If the Effective Date (as defined in the Stipulation) does not occur, this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith except for paragraph 14 hereof and paragraphs 11, 13, 16 and 17 of the Stipulation, which shall survive any such termination or vacatur, shall be null and void; the parties returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU (as that term is defined in the Stipulation).

17. The binding effect of this Order and Final Judgment and the obligations of Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

18. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

<<signature>>

Vice Chancellor

Dated: May 25, 2010

Cherwek v. Aspect Medical Systems, Inc.
2010 WL 2129110 (Del.Ch. ) (Trial Order )

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.