## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SYDELLE GOLDWURM, | * | |
| Plaintiff, | * | |
| v. | * | |
| AMERICAN REALTY CAPITAL TRUST, INC., et al., | * | Civil Action No. 12-cv-03516 JKB |
| | * | |
| Defendants. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*

## DEFENDANTS' JOINT OPPOSITION TO
## MOTION OF PLAINTIFF FOR EXPEDITED DISCOVERY

SCOTT H. MARDER (Fed. Bar No. 28789)
DUANE MORRIS LLP
111 South Calvert Street, Suite 2000
Baltimore, MD 21202
Telephone: (410) 949-2941
Fax: (410) 558-6370

CHARLES S. HIRSCH (Fed. Bar No. 06605)
BALLARD SPAHR LLP
300 East Lombard Street
18th Floor
Baltimore, MD 20102
Telephone: (410) 528-5503
Fax: (410) 528-5650

REBECCA M. LAMBERTH (*pro hac vice*)
JOHN H. GOSELIN, II (*pro hac vice*)
DUANE MORRIS LLP
1075 Peachtree Street, Suite 2000
Atlanta, GA 30309
Telephone: (404) 253-6900
Fax: (404) 253-6901

*Attorneys for Defendants Realty Income
Corporation and Tau Acquisition, LLC*

*Attorneys for Defendants American Realty
Capital Trust, Inc., Nicholas S. Schorsch,
William M. Kahane, Leslie D. Michelson,
Robert H. Burn and William G. Stanley*

## TABLE OF CONTENTS

Page

I.      Introduction ...................................................................................................1

II.     Factual Background ........................................................................................2

III.    Argument .......................................................................................................5

        A.      Legal Standard .................................................................................5

        B.      Plaintiff Has Failed To Demonstrate Based On The Totality Of The
                Circumstances That Good Cause Exists To Grant Expedited
                Discovery ..........................................................................................7

                1.      Plaintiff Faces no Irreparable Harm Absent
                        Expedited Discovery ..............................................................7

                2.      The Discovery Motion Seeks Expedited Discovery for
                        an Improper Purpose and is Premature .................................11

                3.      Defendants will be Unduly Burdened by Plaintiff's
                        Requested Discovery ............................................................13

                4.      Defendants' Pending Motions may Moot the Need
                        for Discovery ........................................................................15

                5.      Plaintiff has Failed to Assert any Legally Cognizable
                        Claim and is not Likely to Succeed on the Merits ................17

                6.      Plaintiff's Request for Expedited Discovery is Significantly
                        in Advance of the Typical Discovery Process .......................17

IV.     CONCLUSION .............................................................................................17

## TABLE OF AUTHORITIES

**Cases**

*Allen v. News Corp.*,
  No. Civ-A-979-N, 2005 WL 415095 (Del. Ch. Feb. 3, 2005)...................................................9

*Am. LegalNet, Inc. v. Davis*,
  673 F. Supp. 2d 1063 (C.D. Cal. 2009) ....................................................14

*In re Am. Realty Capital Trust, Inc. S'holder Litig.*,
  No. 24-C-12-005306 ....................................................................................1

*Attorney First, LLC v. Ascension Entm't, Inc.*,
  144 Fed. App'x. 283 (4th Cir. 2005) ........................................................12

*In re Countrywide Fin. Corp. Derivative Litig.*,
  542 F. Supp. 2d 1160 (C.D. Cal. 2008) ....................................................16

*Davis v. Duncan Energy Partners L.P.*,
  801 F. Supp. 2d 589 (S.D. Tex. 2011)..................................................... 8-10

*Dimension Data N. Am., Inc. v. NetStar-1, Inc.*,
  226 F.R.D. 528 (E.D.N.C. 2005) .......................................................... Passim

*El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*,
  344 F. Supp. 2d 986 (S.D. Tex. 2004) ......................................................11

*Entm't Tech. Corp. v. Walt Disney Imagineering*,
  No. Civ. A. 03-3546, 2003 WL 22519440 (E. D. Pa. Oct. 2, 2003)..................................11, 17

*F.T.C. v. Univ. Health, Inc.*,
  938 F.2d 1206 (11th Cir. 1991) ................................................................9

*In re Fannie Mae Derivative Litig.*,
  227 F.R.D. 142 (D.D.C. 2005)....................................................................11

*ForceX, Inc. v. Tech. Fusion, LLC*
  No. 4:11cv88, 2011 WL 2560110 (E.D. Va. June 27, 2011).................................................2, 6

*Gellman v. Maryland*,
  538 F.2d 603 (4th Cir. 1976) ....................................................................12

*Grimes v. Vialkin Comm's Corp.*,
  17 F.3d 1553 (3d Cir. 1994)...................................................................................9

*Harmony Mill Ltd. P'ship v. Magness*,
  No. Civ. A. 7463, 1984 WL 21898 (Del. Ch. Feb 14, 1983)...................................9

*In re Harrah's Enter. Sec. Litig.*,
  No. 95-3925, 1997 WL 40640 (E.D. La. Feb. 3, 1997)..........................................16

*In re Int'l Jensen S'holders Litig.*,
  No. Civ. A. 14992, 1996 WL 422345 (Del. Ch. July 13, 1996)..........................9-10

*ITT Corp. & Goulds Pumps, Inc. v. Travelers Cas. & Sur. Co.*,
  No. 3:12CV38, 2012 WL 2944357 (D. Conn. July 18, 2012)................................16

*L'Occitane, Inc. v. Trans Source Logistics, Inc.*,
  Civil Action No. WMN-09-CV-2499, 2009 WL 3746690 (D. Md. Nov. 2, 2009).........5-7, 14

*McMann v. Doe*,
  460 F. Supp. 2d 259 (D. Mass. 2006) .......................................................................7

*Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor*,
  194 F.R.D. 618 (N.D. Ill. 2000)................................................................................7

*Momenta Pharm., Inc. v. Teva Pharm. Indus. Ltd.*
  765 F. Supp. 2d 87 (D. Mass. 2011) ..............................................................7, 11, 15

*Notaro v. Koch*,
  95 F.R.D. 403 (S.D.N.Y. 1982) .................................................................................6

*ODS Tech., L.P. v. Marshall*,
  832 A.2d 1254 (Del. Ch. 2003).................................................................................9

*OMG Fidelity, Inc. v. Sirius Tech., Inc.*,
  239 F.R.D. 300 (N.D.N.Y. 2006) .............................................................................15

*In re Pure Res., Inc. S'holders Litig.*,
  808 A.2d 421 (Del. Ch. 2002)...................................................................................9

*Sec'y of State for Defence v. Trimble Navigation Ltd.,*
    484 F.3d 700 (4th Cir. 2007) .......................................................................................5

*Semitool v. Tokyo Electron Kyushu Ltd.,*
    208 F.R.D. 273 (N.D. Cal. 2002)..............................................................................17

*St. Louis Group, Inc. v. Metals & Additives Corp., Inc.,*
    275 F.R.D. 236 (S.D. Tex. 2011) ........................................................................6, 14

*Wilcox Indus. Corp. v. Hansen,*
    279 F.R.D. 64 (D.N.H. 2012) ......................................................................... Passim

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ...............................................................................................16

28 U.S.C. § 1367................................................................................................................16

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...............................................................................................5, 15

Fed. R. Civ. P. 26 .................................................................................................................6

Fed. R. Civ. P. 26(d) .......................................................................................................2, 5

Fed. R. Civ. P. 65(a)(2)......................................................................................................12

Fed. R. Evid. 201 .................................................................................................................5

LAR 104.............................................................................................................................2, 5

LAR 104(4).............................................................................................................................5

Defendants American Realty Capital Trust, Inc. ("ARCT"), Nicholas S. Schorsch, William M. Kahane, Leslie D. Michelson, Robert H. Burns and William G. Stanley (the "ARCT Directors"), Realty Income Corporation and Tau Acquisition, LLC (jointly, "Realty Income") (collectively "Defendants") oppose the Motion of Plaintiff for Expedited Discovery ("Discovery Motion") and memorandum in support thereof ("Discovery Memo") and state as follows.

## I.   INTRODUCTION

After failing to persuade Judge Carrion in the Circuit Court for Baltimore City ("State Court") to appoint her lead plaintiff, Plaintiff filed the instant class action and derivative complaint in this Court (the "Complaint" or "Compl."), which purports to seek an injunction to halt a proposed stock-for-stock merger transaction between ARCT and Reality Income valued at approximately $2.95 billion (the "Proposed Transaction"). This action should be stayed pursuant to the fully briefed Motion to Stay Proceedings before the Court filed by Defendants on December 13, 2012 because this case is duplicative of the prior filed action in State Court.[1] The State Court in the Consolidated State Action has already denied plaintiffs' motion for expedited discovery. Plaintiff's belated Discovery Motion here is merely another attempt to make an "end run" around case management decisions by the State Court with respect to the prosecution of virtually identical claims against the same parties.

---

[1] A total of six complaints were filed in State Court that were consolidated on November 16, 2012 (collectively, the "Consolidated State Action"). The consolidated cases are *Quaal v. Am. Realty Capital Trust Inc.*, No. 24-C-12-005306 (Sept. 7, 2012); *Goldwurm v. Am. Realty Capital Trust, Inc.*, No. 24-C-12-005524 (Sept. 20, 2012); *Gregor v. Am.Realty Capital Trust, Inc.*, No. 24-C-12-5563 (Sept. 21, 2012); *Gordon v. Am.Realty Capital Trust, Inc.*, No. 24-C-12-005571 (Sept. 21, 2012); and *Rooker v. Am.Realty Capital Trust, Inc.*, No. 24-C-12-005924 (Oct. 5, 2012). The Consolidated State Action is captioned *In re Am. Realty Capital Trust, Inc. S'holder Litig.*, No. 24-C-12-005306.

Moreover, despite the purported urgency expressed in the Discovery Motion, Plaintiff made no similar claims of urgency during the 70 plus days that she was in State Court. Indeed, Plaintiff served no discovery requests on Defendants, made no request for expedited discovery, noticed no depositions and failed to seek any injunctive relief.[2] Plaintiff could not even be bothered to respond to Defendants' motion to dismiss her complaint in State Court, ignoring a November 12, 2012 deadline. Plaintiff filed this action only after losing her bid to control the Consolidated State Action. Plaintiff's actions are patently unfair and prejudicial.

More importantly, Plaintiff cannot carry her burden to demonstrate the extraordinary circumstances necessary to avoid the standard discovery timetable and procedures mandated by Local Rule 104 and Federal Rule of Civil Procedure 26(d). *See ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11cv88, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011) (federal courts have granted expedited discovery and injunctive relief only in unusual or extraordinary circumstances). As detailed below, Plaintiff has failed to demonstrate that good cause exists to expedite discovery under any of the factors federal courts consider in evaluating such requests. Accordingly, the parties and the Court should not be put to the burden and expense of potentially unnecessary discovery and motion practice on an expedited basis, and the Discovery Motion should be denied.

## II.   FACTUAL BACKGROUND

On September 6, 2012, Realty Income and ARCT jointly announced a proposed stock-for-stock merger whereby Realty Income will acquire all of the outstanding stock of ARCT in a transaction

---

[2] No Maryland Rule prohibited Plaintiff from serving discovery requests or seeking injunctive relief simultaneously, or any time after, serving her complaint in State Court.

valued at $2.95 billion. Compl. ¶49. Reality Income and ARCT filed a preliminary joint proxy statement on October 1, 2012 and a final, definitive proxy statement on December 6, 2012 (the "Proxy Statement"). The Proposed Transaction must be approved by the shareholders of both companies. *Id.* A shareholder vote is currently scheduled for January 16, 2013.

As is the routine pattern whenever a public company merger is announced, a putative class action and derivative complaint was filed in State Court on September 7, 2012. Five related class action shareholder suits concerning the Proposed Transaction were also filed in State Court, including the one filed by Plaintiff on September 20, 2012. Plaintiffs in the Consolidated State Action – except for Plaintiff here – organized themselves and moved to consolidate the cases and to appoint Randell Quaal as lead plaintiff and Brower Piven P.C. as lead counsel (the "*Quaal* Group"). On September 26, 2012, Plaintiff filed a cross-motion in State Court to appoint herself as lead plaintiff and Faruqi & Faruqi, LLP as lead counsel. Then after ARCT and Realty Income filed their preliminary joint proxy statement, amended complaints were filed by Plaintiff on October 3, 2012 and by the *Quaal* Group on October 4, 2012.

On October 4, 2012, the *Quaal* Group also served their First Request for the Production of Documents and Things to All Defendants. Plaintiff served no discovery requests. On October 19, 2012, the *Quaal* Group filed a Second Amended Complaint adding allegations regarding certain institutional shareholders' publicly-stated positions on the proposed merger. Plaintiff made no further amendments to her State Court complaint. On November 9, 2012, the *Quaal* Group moved to temporarily enjoin the scheduled shareholder vote on the Proposed Transaction and sought an order to show cause why the shareholder vote should not be preliminarily enjoined. Plaintiff did not join that

motion or file any motion for injunctive relief of her own. The *Quaal* Group also opposed Defendants'
motion to dismiss their complaint, while Plaintiff ignored her November 12, 2012 deadline and never
responded to Defendants' motion to dismiss her complaint. Judge Carrion consolidated all six actions
by order dated November 16, 2012, and appointed Randell Quaal as lead plaintiff and Brower Piven
P.C. as lead plaintiffs' counsel on November 21, 2012.

Having failed to persuade Judge Carrion in State Court that she is the proper lead plaintiff or
that her counsel should serve as lead plaintiff's counsel, Plaintiff filed the Complaint in this Court on
November 29, 2012.[3] This action, like the Consolidated State Action, alleges that the ARCT Directors
breached fiduciary duties under Maryland law in approving the Proposed Transaction and failed to
disclose factual details in a proxy statement soliciting a stockholder vote on the merger. The only
purportedly substantive difference between the Complaint here and Plaintiff's amended State Court
complaint is the inclusion of claims for alleged violations of Section 14(a) and Section 20(a) of the
Securities and Exchange Act of 1934 (the "'34 Act") and SEC Rule 14a-9.

On December 11, 2012, the *Quaal* Group in the parallel Consolidated State Action renewed
their request for expedited discovery and hearings. By Order dated December 13, 2012, Judge Carrion
denied the *Quaal* Group's request for expedited discovery, and granted Defendants' motion to stay all
discovery pending resolution of Defendants' dispositive motions to dismiss scheduled for oral

---

[3] Meanwhile, on December 3, 2012, Plaintiff filed a voluntary dismissal without prejudice of her State Court
action, which was granted on December 5, 2012.

argument on February 12, 2013.[4] The State Court issued a 14-page memorandum opinion setting forth

its reasons for rejecting the *Quaal* Group's request for expedited discovery in that parallel proceeding.[5]

In this action, Defendants have already filed a Motion to Stay Proceedings under the *Colorado*

*River* doctrine (*see* ECF No. 9) and Motions to Dismiss Plaintiff's Complaint in its entirety for failure

to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See* ECF Nos. 10, 11.[6]

Neither motion has been fully briefed by all parties.[7]

## III.   ARGUMENT

### A.   Legal Standard

Plaintiff may not seek discovery before this Court enters a scheduling order pursuant to Local

Rule 104. *See* LAR 104(4). This Court, in its discretion, may allow a party to conduct discovery

before the time specified in Local Rule 104(4) and Fed. R. Civ. P. 26(d). *See L'Occitane, Inc. v. Trans*

*Source Logistics, Inc.*, Civil Action No. WMN-09-CV-2499, 2009 WL 3746690, at *2 (D. Md. Nov. 2,

---

[4] Judge Carrion's Order denying the *Quaal* Group's motion to compel discovery and motion to expedite discovery and granting Defendants' motion to stay discovery issued on December 13, 2012 is attached hereto as Exhibit "A." Defendants request judicial notice of all documents attached hereto pursuant to Federal Rule of Evidence 201. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (taking "judicial notice of matters of public record").

[5] The State Court's December 13, 2012 memorandum opinion denying plaintiffs' motion to compel discovery and motion to expedite discovery and granting Defendants' motion to stay discovery is attached as Exhibit "B."

[6] Defendants adopt and incorporate the grounds set forth in Defendants' Motion to Stay Proceedings and Defendants' Memorandum of Points and Authorities in Support of Their Motion to Stay Proceedings filed on December 13, 2012 ("Stay Motion") in support of this Opposition to Plaintiff's Discovery Motion. *See* ECF No. 9. Defendants also adopt and incorporate the grounds set forth in Defendants' Motions to Dismiss and Memoranda in Support of Defendants' Motions to Dismiss ("Motions to Dismiss") filed on December 19, 2012 in support of this Opposition to Plaintiff's Discovery Motion. *See* ECF Nos. 10, 11.

[7] By Order dated December 21, 2012, this Court indicated its intent to decide the Motion to Stay Proceedings before addressing Plaintiff's Discovery Motion. Defendants would further urge the Court to consider the pending Motions to Dismiss before ruling on the Discovery Motion because those motions likely will moot the Discovery Motion.

2009) (denying expedited discovery).  But "[e]xpedited discovery is not the norm."  *St. Louis Group, Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (denying expedited discovery).  Plaintiff concedes that at this early stage in the litigation, she is not entitled to discovery absent agreement or a court order.  *See* Discovery Memo at 11, 13.  In order to obtain a court order, Plaintiff has the burden of demonstrating that good cause exists to expedite discovery.  *See L'Occitane, Inc.*, 2009 WL 3746690, at *2.

Specific standards for evaluating expedited discovery requests are not set out in the Federal Rules of Civil Procedure.  *Id.*  Federal courts have predominantly used two standards to determine whether good cause exists to expedite discovery:  (1) the preliminary-injunction-style analysis set out in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), or (2) the "good cause" standard based on reasonableness.  *See L'Occitane, Inc.*, 2009 WL 3746690, at *2.  The Fourth Circuit has not expressly adopted either standard for evaluating such requests, but the majority of district courts in this Circuit have applied "a standard based upon reasonableness or good cause, taking into account the totality of the circumstances."  *Id.* (adopting the reasoning in *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528 (E.D.N.C. 2005));  *but see ForceX, Inc.*, 2011 WL 2560110, at *5 (rejecting reasonableness test and analyzing under the more stringent four factors for preliminary injunction).

Federal courts tend to consider the following factors in evaluating whether good cause exists to expedite discovery under the totality of the circumstances:  (1) the likelihood of irreparable harm to the Plaintiff should the discovery process proceed at the normal pace established under Fed. R. Civ. P. 26; (2) the purpose and timeliness for requesting expedited discovery; (3) plaintiff's likelihood of success on the merits; (4) the burden of discovery on defendant; (5) whether any dispositive motions are

pending before the court; and (6) how far in advance of the typical discovery process the request was made.   *See e.g., L'Occitane, Inc.*, 2009 WL 3746690, at *2; *Dimension Data*, 226 F.R.D. at 532; *Wilcox Indus. Corp. v. Hansen*, 279 F.R.D. 64, 67-68 (D.N.H. 2012); *Momenta Pharm., Inc. v. Teva Pharm. Indus. Ltd.*, 765 F. Supp. 2d 87, 89 (D. Mass. 2011); *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000); *McMann v. Doe*, 460 F. Supp. 2d 259, 265 (D. Mass. 2006).

### B.   Plaintiff Has Failed To Demonstrate Based On The Totality Of The Circumstances That Good Cause Exists To Grant Expedited Discovery

Plaintiff's Discovery Motion fails to identify how the six factors commonly considered by federal courts in evaluating whether good cause exists for expedited discovery apply in this case.  As explained below, each of these factors actually weighs heavily in favor of denying Plaintiff's request for expedited discovery.  Accordingly, Plaintiff's Discovery Motion should be denied.

#### 1.   Plaintiff Faces no Irreparable Harm Absent Expedited Discovery

Plaintiff has failed to articulate a colorable claim of irreparable harm absent expedited discovery.  To the contrary, Plaintiff's own conduct refutes her argument that she will suffer irreparable harm.  If Plaintiff truly believed irreparable harm would occur absent expedited discovery and expedited injunctive proceedings, she would have immediately served discovery requests and moved for injunctive relief in her previously-filed State Court action.  Indeed, the *Quaal* Group served discovery demands on Defendants in the Consolidated State Action over two months ago, and Judge Carrion has already considered the issue of expedited discovery and rejected the request.

In the Consolidated State Action, the *Quaal* Group also moved for injunctive relief over a month ago, while Plaintiff did nothing.  *See* Defendants' Stay Motion at 5-6.  This case involves

exactly the same parties, fiduciary issues and disclosure allegations asserted in the Consolidated State Action. Having failed to diligently seek discovery or injunctive relief during the 83 days between the filing of her first State Court complaint and the filing of the pending Discovery Motion, Plaintiff cannot now argue irreparable harm absent expedited discovery in this action. *See Davis v. Duncan Energy Partners L.P.*, 801 F. Supp. 2d 589, 598 (S.D. Tex. 2011) (finding plaintiffs had not shown a need for expedited discovery because "Plaintiffs ha[d] known about the Proposed Acquisition since late February, ha[d] been pursuing claims against the defendants since March [in state then federal court], and voluntarily nonsuited their Texas state court action in June"). Indeed, when Plaintiff filed the instant Discovery Motion, Plaintiff did not even seek an expedited briefing schedule, further evidencing the specious nature of the request.

Moreover, Plaintiff cannot demonstrate irreparable harm absent expedited discovery and proceedings because Plaintiff has asserted no legally cognizable federal or state law claims. As shown in Defendants' Motions to Dismiss, Plaintiff has presented no facts that could support a legally cognizable claim against Defendants for breach of fiduciary duty under Maryland law. *See* ARCT Defendants' Motion to Dismiss at 23-49. Nor has Plaintiff presented any facts that the Proxy Statement disclosures were inadequate in violation of the 34' Act or Maryland's duty of candor. *Id.* at 8-22.

Plaintiff argues that she and ARCT's other public shareholders will be irreparably harmed absent discovery because the Proposed Transaction will consummate long before the conclusion of pretrial discovery is conducted at its normal pace. Discovery Memo at 3-10. Plaintiff cites a number of cases in support of the general proposition that "Delaware courts routinely permit a Plaintiff to

conduct discovery on an expedited basis because of the potential for irreparable harm to shareholders if a merger or acquisition is consummated as a result of an inadequate process and inadequate disclosures." Discovery Memo at 11 n. $2^8$, $12^9$. These cases are unpersuasive and inapposite because they concern the question of whether or not irreparable harm had been established for the purposes of granting a preliminary injunction to halt a corporate merger. They do not involve the question of whether irreparable harm was threatened by a party's inability to receive expedited discovery in order to file a motion for preliminary injunction. *See Davis,* 801 F. Supp. 2d at 596-97 (finding *ODS Tech.,* 832 A.2d at 1262 and *In re Pure,* 808 A.2d at 452 inapposite). These cases do not articulate a standard for why the courts granted expedited discovery and do not support Plaintiff's request. *Id.*

Moreover, Plaintiff's own case citation, *In re Int'l Jensen S'holders Litig.,* 1996 WL 422345 at *1-2, controverts her argument. *See* Discovery Memo at 12. In *Jensen,* the Delaware Chancery Court held:

---

[8] Citing *ODS Tech., L.P. v. Marshall,* 832 A.2d 1254, 1262 (Del. Ch. 2003); *In re Pure Res., Inc. S'holders Litig.,* 808 A.2d 421, 452 (Del. Ch. 2002). *Allen v. News Corp.,* No. Civ-A-979-N, 2005 WL 415095, at *1 (Del. Feb. 3, 2005) is also inapposite because the Court expressly held that "plaintiffs have demonstrated a 'sufficiently colorable claim' that the disclosures . . . are materially deficient or misleading and that there is a 'possibility of a threatened irreparable.'" For the reasons set forth *infra,* Plaintiff here has not pled any sufficiently colorable state of federal disclosure claims.

[9] The cases Plaintiff cites in support of her statement that "the Delaware Court of Chancery, which regularly deals with issues involving corporate transaction, routinely permits expedited discovery in actions such as this one" are also distinguishable. *See In re Int'l Jensen S'holders Litig.,* No. Civ. A. 14992, 1996 WL 422345, at *1 (Del. Ch. July 13, 1996) (denying expedited discovery); *Harmony Mill Ltd. P'ship v. Magness,* No. Civ. A. 7463, 1984 WL 21898, at *1 (Del. Ch. Feb 14, 1983) (involving impending default under a mortgage); *Grimes v. Vialkin Commn's Corp.,* 17 F.3d 1553, 1555 (3d Cir. 1994) (resolving issues related to whether a state court has power to allow parties as part of a comprehensive court-approved settlement to release exclusive federal securities law claims, merely noting in passing that the parties engaged in expedited discovery); *F.T.C. v. Univ. Health, Inc.,* 938 F.2d 1206, 1210 (11th Cir. 1991) (court's decision on appeal of denial of motion for preliminary injunction).

a party's request to schedule an application for a preliminary injunction and to expedite the discovery related thereto, is normally routinely granted. Exceptions to that norm are rare. *A paradigm exception, however, arises where the moving papers fail to articulate a colorable claim of irreparable harm and any wrongful conduct can be adequately remedied by a money damages award.*

1996 WL 422345 at *1-2.

Even in the unlikely event Plaintiff's claims will survive the Motions to Dismiss and in the further unlikely event she will succeed in proving her claims on the merits, Plaintiff has failed to articulate a colorable claim of irreparable harm because Plaintiff could be made whole through award of monetary damages in the unlikely event that she is ultimately successful. *See Davis*, 801 F. Supp. 2d at 597; *see also Dimension Data*, 226 F.R.D. at 532 (denying expedited discovery because "the damage associated . . . can be readily calculated and awarded to Plaintiff").

Indeed, the State Court relied heavily on *Jensen* in denying expedited discovery in the parallel Consolidated State Action. *See* Ex. B at 8-10.[10] In a 14-page memorandum opinion rejecting expedited discovery, Judge Carrion expressly held that plaintiffs had not met their burden of showing irreparable injury if expedited discovery was not granted, stating "Plaintiff presents no evidence that the ARCT shareholders cannot be fully compensated via money damages in the event the Proposed Merger is consummated through the shareholder vote on January 16, 2012 and wrongdoing is found after the fact." Ex. B at 10.

Thus, Plaintiff cannot demonstrate irreparable harm.

---

[10] Although Plaintiff had already been dismissed from the case, the State Court evaluated the same breach of fiduciary and disclosure allegations made in this case. As set forth in Defendants' Stay Motion, the claims asserted on behalf of the putative plaintiff class should be litigated in only one forum (not two), and these parties should not be subject to duplicative, potentially conflicting adjudication of the same class action claims and allegations.

### 2.     The Discovery Motion Seeks Expedited Discovery for an Improper Purpose and is Premature

Plaintiff's request for expedited discovery is premature because there is no pending motion for injunctive relief in this case.  Plaintiff requests expedited discovery "in anticipation of filing a motion for preliminary injunction in this case" in order to "develop a full and complete record prior to bringing her Motion for preliminary injunction."  Discovery Motion at 1 n.1; Discovery Memo at 12. Although Plaintiff anticipates filing a motion for preliminary injunction, Plaintiff has not yet filed for injunctive relief.  *Id.*  The majority of federal courts have held that "the fact that there [is] no pending preliminary injunction motion weigh[s] against allowing [a] plaintiff's motion for expedited discovery." *See, e.g., Wilcox Indus. Corp.,* 279 F.R.D. at 68; *Dimension Data,* 226 F.R.D. at 531-32; *Momenta Pharm., Inc.,* 765 F. Supp. 2d at 88; *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *Entm't Tech. Corp. v. Walt Disney Imagineering,* No. Civ. A. 03-3546, 2003 WL 22519440, at *5 (E. D. Pa. Oct. 2, 2003).

As stated by the *Dimension Data* court, a "motion for expedited discovery is not reasonably timed where, as here, plaintiff has not yet filed a temporary restraining order or a motion for preliminary injunction, setting out in detail the areas in which discovery is necessary in advance of a determination of preliminary injunctive relief."  226 F.R.D. at 531-32; *see also In re Fannie Mae Derivative Litig.,* 227 F.R.D. 142, 143 (D.D.C. 2005) (rejecting expedited discovery motion "to make a record upon which to base a motion for preliminary injunction" as "a thinly veiled attempt to circumvent the normal litigation process").

Plaintiff places considerable emphasis on the fact that federal courts and Delaware courts "routinely permit expedited discovery" to enable parties to prepare for a preliminary injunction hearing.[11]   *See* Discovery Memo at 11-12.   Plaintiff argues that because the shareholder vote on the Proposed Transaction will be held before discovery can proceed in the normal course provided for under the Federal Rules of Civil Procedure, she should be allowed "to develop a full and complete record prior to bringing her motion for preliminary injunction."   Discovery Motion at 12.

But expedited discovery is not automatically granted merely because a party seeks, or anticipates seeking, a preliminary injunction.   *See Dimension Data,* 226 F.R.D. at 532 (citing *Am. LegalNet, Inc. v. Davis,* 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)).   To the contrary, the federal rules do not allow a plaintiff to get into court with a deficient complaint and then demand discovery on an expedited basis before filing for injunctive relief.   Plaintiff also fails to specifically state how the requested expedited discovery will assist Plaintiff in her request for preliminary relief.   Plaintiff's conclusory statement that expedited discovery is needed in order to generate a "full and complete record" is patently insufficient.   Missing from Plaintiff's briefing is any explanation of why, given the litany of alleged deficiencies in the Proxy Statements, she needs expedited discovery to support a motion for preliminary injunction.

Thus, this factor weighs in favor of denying expedited discovery.

---

[11] The federal cases Plaintiff cites for this proposition are inapposite.  *See* Discovery Memo at 11.  Both *Attorney First, LLC v. Ascension Entm't, Inc.,* 144 Fed. App'x. 283, 287 (4th Cir. 2005) and *Gellman v. Maryland,* 538 F.2d 603, 604 (4th Cir. 1976) involved notice and discovery issues surrounding consolidation of a hearing on application for preliminary injunction with a trial on the merits under Fed. R. Civ. P. 65(a)(2).

### 3.   Defendants will be Unduly Burdened by Plaintiff's Requested Discovery

Defendants will be greatly burdened by having to respond to discovery requests of a highly confidential nature in a very short period of time.   Plaintiff initially challenged the Proposed Transaction back in September 2012.   At no point has Plaintiff served any discovery requests on Defendants.   Plaintiff's Discovery Motion suddenly seeks leave to serve five document discovery requests, as well as to depose four unidentified individuals from ARCT and financial institutions on unidentified subjects, within just five days from the date of this Court's order. *See* Discovery Memo at 17.   Plaintiff's request that Defendants produce highly confidential information in a matter of days is patently unfair and prejudicial.

Plaintiff argues that her requests are narrowly focused and the relevant documents are readily available to Defendants.   Discovery Memo at 17.   Without a pending motion for preliminary injunctive relief, Plaintiff's discovery requests lack a frame of reference, which makes it difficult to determine the degree to which it is directed toward an acceptable purpose. *See Wilcox Indus. Corp.*, 279 F.R.D. at 71.   The document requests seek an array of highly confidential material from both corporate parties to the Proposed Transaction.   Moreover, none of the parties can make any representations regarding the volume or scope of the proposed document discovery because Plaintiff seeks the production of emails based upon some undefined set of search terms which will need to be applied to some undetermined set of individuals.   There is simply no method to confirm the potential burden of such discovery without incurring substantial expense just to conduct the preliminary preparation work to define the volume of electronic discovery at issue here.   Moreover, Plaintiff's requests are not narrowly tailored to assist in her anticipated request for preliminary relief because Plaintiff has failed to state any

colorable state or federal claims as a matter of law. *See* Motions to Dismiss. Nor is there any showing regarding how the supposed discovery will assist Plaintiff in presenting her case for a preliminary injunction.

Plaintiff's request to depose a representative of ARCT and representatives from three different financial institutions on unidentified subjects will likely be equally burdensome and expensive. Discovery Memo at 18. As a threshold matter, the financial institutions Plaintiff seeks to depose are not parties to this lawsuit, have not been served with subpoenas, have not consented to this Court's jurisdiction and are not entities under the control of any of the Defendants. Plaintiff also fails to account for the time and expense of determining the appropriate representatives, coordinating travel and logistics to conduct four separate depositions in a matter of days, and preparing for such depositions on an expedited basis. Moreover, Plaintiff's requests fail to articulate the subjects on which each of the respective deponents will be deposed. *See L'Occitane, Inc.,* 2009 WL 3746690, at *3 ("[T]he Court does not find Plaintiff's request to depose [defendant] to be narrowly tailored as it does not set forth the subjects upon which it would depose Mr. Cates"); *see also St. Louis Group, Inc.,* 275 F.R.D. at 241 ("it is unclear if Defendants are seeking free-ranging depositions of these witnesses"); *Am. LegalNet, Inc.,* 673 F. Supp. 2d at 1069.

Accordingly, Plaintiff's discovery requests are highly burdensome and prejudicial to Defendants, and Plaintiff's Discovery Motion should be denied.

**4.     Defendants' Pending Motions may Moot the Need For Discovery**

Defendants' pending Stay Motion and Motions to Dismiss may moot the need for any discovery. The purely legal grounds around which Defendants construct their motions prevent any need to begin discovery at this early state.

Defendants have moved to stay this case under the *Colorado River* doctrine as duplicative of the Consolidated State Action. *See* ECF No. 9. Defendant's Stay Motion weighs in favor of denying expedited discovery. *See Momenta Pharm., Inc.*, 765 F. Supp. 2d at 89 (describing reasonableness test as involving consideration of all the surrounding circumstances). As set forth fully in the Stay Motion, this action is "parallel" to the Consolidated State Action because the two cases involve exactly the same parties, fiduciary issues and disclosure allegations. *See* Stay Motion at 9-11. Moreover, the *Colorado River* factors weigh decisively in favor of staying this action. *Id.* at 12-18. None of the legal issues in the Stay Motion require any fact discovery. Given the strength of the pending Stay Motion, the parties and the Court should not be put to the burden and expense of potentially unnecessary discovery and motion practice.

Moreover, Defendants have also moved, in the alternative, to dismiss this action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See* ECF Nos. 10, 11. The pendency of Defendants' Motions to Dismiss also weighs against ordering expedited discovery. *See Wilcox Indus. Corp.*, 279 F.R.D. at 72 ("[w]hile not dispositive of the issue the pendency of defendants' motions to dismiss weighs against ordering expedited discovery"); *see also OMG Fidelity, Inc. v. Sirius Tech., Inc.*, 239 F.R.D. 300, 304 (N.D.N.Y. 2006). As the court noted in *Wilcox*, "defendants are not seeking to stay discovery that has begun in the normal course; they are seeking to persuade the court not to allow

discovery to commence outside the normal course." 279 F.R.D. at 72 (stating that the court was not

even obligated to evaluate the strength of defendant's arguments for dismissal).[12] Thus, the "mere

pendency" of Defendants' Motions to Dismiss weighs in favor of denying Plaintiff's request for

expedited discovery. *Id.*

    None of these dispositive legal issues require any fact discovery.[13] Should the Defendants

prevail on their Motions to Dismiss, "no discovery would be necessary and any production of

documents would have been a useless and wasteful effort." *In re Harrah's Enter. Sec. Litig.*, No. 95-

3925, 1997 WL 40640, at *2 (E.D. La. Feb. 3, 1997).[14] Given the strength of the pending Motions to

Dismiss, the parties and the Court should not be put to the burden and expense of potentially

unnecessary discovery and motion practice.

---

[12] Even though the Court is not obligated to evaluate the strength of the Motions to Dismiss, a preliminary review of the merits of the pending motions demonstrates a reasonable expectation that the motions are meritorious and should be granted, rendering any discovery requests moot. Defendants' Motions to Dismiss are based on "substantial grounds" (*i.e.*, have foundation in law) and are case-dispositive. *ITT Corp. & Goulds Pumps, Inc. v. Travelers Cas. & Sur. Co.*, No. 3:12CV38, 2012 WL 2944357, at *3 (D. Conn. July 18, 2012).

[13] The State Court in its Memorandum Opinion found that "the purely legal – not factual – grounds around which Defendants construct their motions to dismiss prevent any need to begin discovery at this early state." Ex. B at 12.

[14] Moreover, discovery should be stayed pursuant to the Private Securities Litigation Reform Act ("PSLRA") pending resolution of Defendants' Motions to Dismiss. Because Plaintiff has asserted federal securities law claims, all discovery should be stayed pursuant to the PSLRA, which states in relevant part, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). *See In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1169 (C.D. Cal. 2008) (applying PSLRA stay to Section 14(a) claims). The PSLRA discovery stay also applies to Plaintiff's pendent state law claims. *Id.* at 1180 ("Likewise, Plaintiffs' state law derivative claims, which arise under Delaware common law . . . are subject to the PSLRA stay, which applies to state law claims over which the court has asserted 28 U.S.C. § 1367 supplemental jurisdiction"). Because, as set forth in Defendants' Motions to Dismiss, Plaintiff has failed to assert any colorable claims, she cannot demonstrate "undue prejudice" required to avoid a stay of discovery under the PSLRA.

5. **Plaintiff has Failed to Assert any Legally Cognizable Claim and is not Likely to Succeed on the Merits**

Expedition is also inappropriate because Plaintiff has asserted no colorable federal or state law claims. For the reasons set forth in detail in Defendants' Motions to Dismiss, Plaintiff has failed to state a single legally cognizable claim upon which relief can be granted, and thus, is not likely to succeed on the merits of her claims. *See* ECF Nos. 10, 11.

6. **Plaintiff's Request for Expedited Discovery is Significantly in Advance of the Typical Discovery Process**

Finally, Plaintiff's request for expedited discovery two weeks after filing her Complaint is significantly in advance of the typical discovery process. *Cf. Semitool v. Tokyo Electron Kyushu Ltd.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (finding good cause for expedited discovery where complaint was filed on January 16, plaintiff moved for expedited discovery on March 15, and plaintiff proposed to propound discovery three weeks earlier than normal); *Entm't Tech.*, 2003 WL 22519440, at *5 (denying motion for expedited discovery, but determining that discovery request was not "made too far in advance of the start of formal discovery" when filed more than two months after the complaint). This Court has not even had the opportunity to make threshold inquiries as to whether the stated causes of action can even proceed in this Court. Accordingly, the prematurity factor weighs against granting expedited discovery.

## IV.   CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's request for expedited discovery and grant such other relief as this Court deems proper, equitable and just.

17

Dated:  January 4, 2013


/s/_____                    /s/_____
SCOTT H. MARDER (Fed. Bar No. 28789)           REBECCA M. LAMBERTH (*pro hac vice*)
DUANE MORRIS LLP                               JOHN H. GOSELIN, II (*pro hac vice*)
111 South Calvert Street, Suite 2000           DUANE MORRIS LLP
Baltimore, MD  21202                           1075 Peachtree Street, Suite 2000
Telephone: +1 410 949-2941                     Atlanta, GA  30309
Fax: +1 410 558-6370                           Telephone: +1 404 253-6900
                                               Fax: +1 404 253-6901

              *Attorneys for Defendants American Realty*
              *Capital Trust, Inc., Nicholas S. Schorsch,*
              *William M. Kahane, Leslie D. Michelson,*
              *Robert H. Burn and William G. Stanley*


/s/_____
CHARLES S. HIRSCH (Fed. Bar No. 06605)
BALLARD SPAHR LLP
300 East Lombard Street
Baltimore, MD  21202
Telephone: +1 410 528-5503
Fax: +1 410 528-5650

              *Attorneys for Defendants Realty Income Corporation*
              *And Tau Acquisition, LLC*